IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| NICOLAS THOMPSON,<br><br>*Plaintiff*,<br><br>v.<br><br>COSMIC DELIVERY, LLC, and<br>TRENT WALLS,<br><br>*Defendants*. | CIVIL ACTION FILE NO.<br><br><br><br>JURY DEMAND |

# COMPLAINT

**NOW COMES** Nicolas Thompson (hereinafter "Plaintiff") and asserts this Complaint against Defendants Cosmic Delivery, LLC (hereinafter "Cosmic, LLC") and Trent Walls (hereinafter "Walls") (hereinafter collectively "Defendants") for violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq*. ("FLSA" or "the Act") and for violations of Georgia state law.  Plaintiff states more fully as follows:

## INTRODUCTION

1. Plaintiff worked for Defendants within three (3) years preceding the filing of this Complaint (hereinafter "the Actionable Period").  Defendants misclassified the Plaintiff as an independent contractor, and, additionally, failed and willfully refused to pay the Plaintiff his overtime wages equal to one and one-half times his "regular rate" as required by the FLSA, 29 U.S.C. §207. Additionally, Defendants failed to pay Plaintiff pursuant to a profit-sharing provision in his contract with Cosmic, LLC.

Plaintiff seeks his unpaid overtime wages for three (3) years preceding the filing of this Complaint, liquidated damages thereon, his attorneys' fees and costs of litigation under the FLSA, and additionally his portion of profits under (alternatively) either promissory estoppel or breach of contract, along with his attorney's fees and costs of litigation under O.C.G.A. §13-6-11.

## JURISDICTION

2. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.*, and for pendant state law claims. This Court has original jurisdiction pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331, §1132(a)(1)(B), and §1337. The Court has supplemental jurisdiction over Plaintiff's Georgia state law claims pursuant to 28 U.S.C. §1367.

## VENUE

3. Defendant Cosmic, LLC, is a Georgia-based corporation with its office located at 126 S. Milledge Street, Athens, Clarke County, Georgia 30605. Cosmic, LLC, may be served via its Registered Agent Trent Walls. Venue for this action properly lies in the Middle District of Georgia, Athens Division, pursuant to 28 U.S.C. §1391(b) and §1391(c)(2), and Local Rules 3.1, and 3.4, M.D. Ga.

## DEFENDANTS' COVERAGE UNDER THE FLSA

### Sub-Part 1: Cosmic, LLC

4.  Cosmic, LLC operates a food delivery service for delivery of food ordered from participating restaurants in the Athens, Georgia area.

5.  Cosmic, LLC buys supplies and equipment, including computers, out of the stream of interstate commerce.

6.  Cosmic, LLC utilizes interstate credit/debit card processing in the course of its business.

7.  Cosmic, LLC utilizes the interstate banking system in the course of its business.

8.  Customers of Cosmic, LLC, place orders for food delivery via Cosmic's web site, found at https://www.ordercosmic.com/, or via telephone.

9.  Orders are relayed by the dispatcher to participating restaurants either via tablets, printers, telephone, or in-person by a Cosmic, LLC driver.

a driver-specific web page.

10. Customers pay via credit card through the Cosmic, LLC website, cash or Square.

11. Orders are relayed to drivers either through driver-specific web-pages and/or telephone or text messages.

12. Cosmic, LLC and each of its employees, including office staff, programmers, and drivers – whether misclassified as independent contractors – operate within the stream of interstate commerce.

13. In calendar year 2019, Cosmic, LLC, had an annual gross volume of sales made or business done of not less than five hundred thousand dollars ($500,000), exclusive of excise taxes at the retail level, as defined in §3(s)(1) of the Act. 29 U.S.C. §203(s)(1).

14. For calendar year 2020, Cosmic, LLC, had an annual gross volume of sales made or business done of not less than five hundred thousand dollars ($500,000), exclusive of excise taxes at the retail level, as defined in §3(s)(1) of the Act. 29 U.S.C. §203(s)(1).

15. For calendar year 2021, Cosmic, LLC, had an annual gross volume of sales made or business done of not less than five hundred thousand dollars ($500,000), exclusive of excise taxes at the retail level, as defined in §3(s)(1) of the Act. 29 U.S.C. §203(s)(1).

16. For calendar year 2022, Cosmic, LLC, will have an annual gross volume of sales made or business done of not less than five hundred thousand dollars ($500,000), exclusive of excise taxes at the retail level, as defined in §3(s)(1) of the Act. 29 U.S.C. §203(s)(1).

17. Cosmic, LLC, constitutes an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of §3(r), §3(s)(1), §6(a) and §7(a) of the Act, 29 U.S.C. §203(r), §203(s)(1), §206(a) and §207(a), for the years 2019 through 2022.

18. For the calendar year 2019, Cosmic, LLC, was covered by, and subject to, the requirements of the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.*

19. For the calendar year 2020, Cosmic, LLC, is covered by, and subject to, the requirements of the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.*

20. For the calendar year 2021, Cosmic, LLC, is covered by, and subject to, the requirements of the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.*

21. For the calendar year 2022, Cosmic, LLC, is covered by, and subject to, the requirements of the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.*

22. Cosmic, LLC, is an "employer" in an industry affecting commerce within the meaning of §3(d) of the Act, 29. U.S.C. §203(d).

23. Cosmic, LLC, was an "employer" of Plaintiff as defined in §3(d) of the Act. 29 U.S.C. §203(d), in 2019.

24. Cosmic, LLC, was an "employer" of Plaintiff as defined in §3(d) of the Act. 29 U.S.C. §203(d), in 2020.

25. Cosmic, LLC, was an "employer" of Plaintiff as defined in §3(d) of the Act. 29 U.S.C. §203(d), in 2021.

26. Cosmic, LLC, was an "employer" of Plaintiff as defined in §3(d) of the Act. 29 U.S.C. §203(d), in 2022.

27. During the relevant time period – July 2019 through July 2022 – Cosmic, LLC, constituted an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of §3(r), §3(s)(1), §6(a) and §7(a) of the Act.  29 U.S.C. §203(r), §203(s)(1), §206(a) and §207(a).

<u>Sub-Part 2: Walls  as "Employer" under the FLSA</u>

28. Walls is an owner and/or shareholder in Chuck's, LLC.

29. Walls, along with other individuals, manages the day-to-day operations of Cosmic, LLC.

30. Walls drafted the contract between Cosmic, LLC and Plaintiff attached hereto as Exhibit A.

31. Walls drafted the contract between Cosmic, LLC and Plaintiff attached hereto as Exhibit B.

32. Walls determined the terms and conditions of Plaintiff's employment, including his rate of pay, form of payment, his job duties and his classification as an employee or independent contractor.

33. Defendant Walls acted, and acts, directly in the interest of Cosmic, LLC, in relation to Cosmic, LLC's employees such as Plaintiff.  Thus, Walls was an

"employer" of the Plaintiff within the meaning of §3(d) of the FLSA, 29 U.S.C. §203(d).

## FACTS

34. Plaintiff was initially employed by Defendants as a driver starting in the Fall of 2016, and was employed by Defendants from approximately November 2017 through on or about March 13, 2022.

35. Plaintiff did not work for Defendants for the period of approximately August 30, 2019, through January 31, 2020.

36. During the Actionable Period, Plaintiff was employed by the Defendants as dispatcher, a general office employee, an operations manager, and as a delivery driver.

37. On or about November 4, 2017, Plaintiff began work for Defendants as a general office employee responsible dispatching delivery-drivers. (This work was in addition to his work as a driver.)

38. Defendants paid Plaintiff $12.00 per hour as a dispatcher.

39. Defendants raised Plaintiff's wages to $14.00 per hour on or about February 10, 2018.

40. On or about October 10, 2018, Plaintiff and Defendants signed an agreement whereby: (a) Defendants stated they would classify Plaintiff as an independent contractor performing general management work at the hourly rate of $16.00; (b)

requiring Plaintiff to work any dispatch shifts that could not be filled by other employees; (c) requiring Plaintiff to maintain the driver's schedules, to train new dispatchers, to monitor office equipment (computers), and to perform other management duties. A copy of the Agreement is attached hereto as Exhibit A.

41. Plaintiff worked as a dispatcher for Defendants at a straight hourly rate for the period beginning approximately November 4, 2017, through approximately August 30, 2019.

42. During this period - November 4, 2017, through August 30, 2019 - Defendants did not pay Plaintiff one and one-half (1.5) times his hourly wage for any hours worked over 40 hours in a work week.

43. Plaintiff worked an average of sixty (60) hours per week during this period.

44. Plaintiff quit working for Defendants for the period of approximately September 1, 2019, through approximately February 1, 2020.

45. Defendants re-employed Plaintiff as a general office manager on or about February 1, 2020.

46. During this two (2) week trial period, Defendants paid Plaintiff the rate of $12.00 per hour as a general office manager for the period February 1, 2020, through February 14, 2020.

47. During this period – February 1, 2020, through February 14, 2020 - Defendants did not pay Plaintiff one and one-half (1.5) times his hourly wage for any hours worked over 40 hours in a work week.

48. Defendants increased Plaintiff pay rate to $17.00 per hour beginning February 15, 2020, through the end of his employment.

49. On or about February 29, 2020, Defendants and Plaintiff entered into a second employment agreement in which Defendants would: (a) employ Plaintiff as an operations manager at an hourly rate; (b) pay Plaintiff an additional profit-sharing bonus; and, (c) requiring Plaintiff to work six days a week. A copy of this Agreement is attached as Exhibit B.

50. Defendants employed Plaintiff as an operations manager for the remaining of the Actionable Period. Defendants paid Plaintiff a straight hourly rate for his work as an operations manager and failed to pay Plaintiff 1.5 times his hourly wage for any hours worked over forty hours in a work week for the period February 15, 2020, through the end of the Actionable Period.

51. During the Actionable Period, Defendants employed Plaintiff as an operations manager. Plaintiff worked more than forty (40) hours each week he was employed as an operations manager.

52. Defendants also employed Plaintiff as a delivery driver during the Actionable Period.

53. Defendants misclassified Plaintiff as an independent contractor for his work for Defendants as a delivery driver.

54. Defendants employed Plaintiff as a delivery driver and paid him a straight hourly rate, plus a set fee for deliveries more than four miles from the assigned restaurant for pick up. Plaintiff also tips received from customers.

55. Defendants failed to pay Plaintiff any overtime for any work over forty hours in a work week as a driver, despite regularly and consistently working more than forty hours as an operations manager and an additional twenty to forty or more hours in a work week as a delivery driver in the Actionable Period. A copy of a sample of Plaintiff's work hours as a delivery driver for one work week each year for 2019 through 2022 is attached hereto as Exhibit "C."

56. Plaintiff was never paid on a salary basis during his employment with the Defendants.

57. Plaintiff was not an exempt employee under FLSA §13(a)(1), 29 U.S.C. §213(a)(1).

58. Plaintiff was not properly classified as an independent contractor in either his role as a general office employee, operations manager, and/or delivery driver.

59. Cosmic, LLC failed to compensate Plaintiff for his share of the profits, pursuant the Parties' Agreements, for the years 2019, 2020, 2021, and 2022.

DEFENDANTS' ACTIONS WERE "WILLFULL"

60. Defendants either knew, or acted with reckless indifference, that their failure to pay overtime wages and/or misclassification of Plaintiff as an independent contractor violated FLSA.

61. On information and belief, Defendants never sought any professional advice regarding their legal obligations under the FLSA.

62. On information and belief, Defendants never sought any professional advice regarding the proper classification of workers as employees or independent contractors under the FLSA.

COUNT I: FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

63. Plaintiff restates and realleges paragraphs one (1) through sixty-two (62), *supra*.

64. For all workweeks in the Actionable Period in which Defendants employed Plaintiff, Defendants violated the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §207, by failing to pay Plaintiff one and one-half (1.5) times his "regular rate" of pay for all hours worked in excess of forty (40) hour per workweek.

65. Defendants owe Plaintiff back wages for all unpaid overtime, in an amount to be determined at trial, pursuant to 29 U.S.C. §207 and §216.

66. Additionally, Defendants owe Plaintiff liquidated damages in an equal amount for all unpaid overtime wages pursuant to 29 U.S.C. §207 and §216.

67. Additionally, Defendants owe Plaintiff his reasonable attorneys' fees and costs associated with this Action pursuant to 29 U.S.C. §216.

## COUNT II:  BREACH OF CONTRACT UNDER GEORGIA LAW

68. Plaintiff restates and realleges paragraphs one (1) through sixty-two (62), *supra*.

69. Cosmic, LLC offered, and Plaintiff accepted, to pay Plaintiff a percentage of the profit earned by Cosmic, LLC.  See Exhibits A and B, attached hereto.

70. To date, Cosmic, LLC has failed and/or refused to pay Plaintiff a share of the profits generated by Plaintiff.

71. Under the terms of their Agreements, and pursuant to Georgia law, Cosmic, LLC, owes Plaintiff his share of Cosmic, LLC's profits earned during the Actionable Period in an amount to be proven at trial.

## COUNT III:  PROMISSORY ESTOPPEL CLAIM UNDER GEORGIA LAW

72. Plaintiff restates and realleges paragraphs one (1) through sixty-two (62), *supra*.

73. Defendants, as an inducement to Plaintiff to forgo other work opportunities and to work for Defendants, offered Plaintiff a portion of profits earned by Cosmic, LLC.  See Exhibits A and B, attached hereto.

74. Plaintiff accepted Defendants' offer of employment pursuant to the terms of the Agreements.  See Exhibits A and B, attached hereto.

75. Defendants promised to pay Plaintiff a portion of profits generated by Cosmic, LLC, and Plaintiff accepted these promises, in exchange for work performed.

76. Defendants have never paid Plaintiff any portion of the profits generated by Cosmic, LLC under the terms of either Agreement.

77. Plaintiff believed and relied upon the statements and promises made by Defendants, suffered a loss due to Defendants' actions, Defendants knew or should have known that Plaintiff expected to be paid under the terms of the Parties' Agreements, and equity requires that Defendants pay the profits promised.

## COUNT IV: CLAIM FOR ATTORNEYS FEES UNDER GEORGIA LAW

78. Plaintiff restates and realleges paragraphs one (1) through sixty-two (62), *supra*.

79. Defendants have acted in bad faith in these transactions, and Defendants have been stubbornly litigious and caused Plaintiff unnecessary trouble and expense, entitling Plaintiff to recover his attorneys' fees and expenses of litigation pursuant to O.C.G.A. §13-6-11.

## PRAYER FOR RELIEF

80. Based upon the forgoing paragraphs, Plaintiff respectfully ask this Court to find and order the following:

   A. That Plaintiff be granted a trial by jury on all issues of fact;

   B. That Defendant Cosmic Delivery, LLC is covered by, and subject to, the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.*;

   C. That Defendant Travis Walls acted directly in the interest of Defendant Cosmic Delivery, LLC relation to the Plaintiff, and that as such, Defendant Travis Walls was an "employer" of Plaintiff within the meaning of §3(d) of the Act, 29 U.S.C. §203(d);

   D. That Defendant Cosmic Delivery, LLC, and Defendant Travis Walls, collectively, have violated the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.*, by failing to properly pay the Plaintiff his overtime wages as required;

   E. That Defendant Cosmic Delivery, LLC, and Defendant Travis Walls, collectively, acted "willfully" thus entitling the Plaintiff to recover his damages under the Act for the period of three (3) years from the date of this Complaint;

   F. That Defendant Cosmic Delivery, LLC, and Defendant Travis Walls, collectively, be ordered to pay Plaintiff's overtime wages, at a rate equal to

one and one-half his "regular rate" of pay, for all workweeks in which Plaintiff worked more than forty (40) hours in the Actionable Period;

G. That Defendant Cosmic Delivery, LLC, and Defendant Travis Walls, collectively, be ordered to pay Plaintiff liquidated damages under the Act;

H. That Defendant Cosmic Delivery, LLC, and Defendant Travis Walls, collectively, be ordered to pay Plaintiff's reasonable attorneys' fees, and costs of this action pursuant to 29 U.S.C. §216;

I. That Defendant Cosmic Delivery, LLC, and Defendant Travis Walls, collectively, be ordered to pay Plaintiff his unpaid portion of profits under the terms of the Parties' Agreements;

J. Award the Plaintiff his reasonable attorney's fees and expenses of litigation on Plaintiff's state law claims pursuant to O.C.G.A. § 13-6-11; and,

K. For such other and further relief as the Court finds just and appropriate.

Respectfully submitted this eleventh (11th) day of July 2022.

                                                         */s/ Peter H. Steckel*
                                                        Peter H. Steckel
                                                        Georgia Bar Number 491935
                                                        Counsel for Plaintiff

**Steckel Law, L.L.C.**
1120 Ivywood Drive
Athens, Georgia 30606
Tele:  (404) 717-6220
Email: peter@SteckelWorkLaw.com